UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA KYLE TOGANS,<br>Plaintiff | )<br>)<br>) | CIVIL ACTION NO. 1:24-CV-1430 |
| v. | )<br>)<br>) | (MUNLEY, D.J.)<br><br>(ARBUCKLE, M.J.) |
| UNIVERSITY OF MARYLAND, *et al.*,<br>Defendants | )<br>)<br>) | |

## REPORT AND RECOMMENDATIONS

### I.     INTRODUCTION

Dana Kyle Togans ("Plaintiff") commenced this action by lodging a complaint. In that complaint, Plaintiff describes a series of events that transpired while she was involuntarily committed at a hospital in Maryland. Plaintiff was granted leave to proceed *in forma pauperis* in this action. Therefore, her complaint is subject to review under 28 U.S.C. § 1915(e)(2) and must be dismissed if it fails to state a claim upon which relief may be granted. Furthermore, this Court has an obligation to ensure it has jurisdiction over the claims pending before it.

For the reasons explained herein, it is recommended that Plaintiff's complaint be dismissed, and that Plaintiff not be given further leave to amend.

### II.    BACKGROUND AND PROCEDURAL HISTORY

On August 22, 2024, Plaintiff lodged a complaint describing events that occurred while she was involuntarily committed in a hospital located in Hunt Valley, Maryland. (Doc. 1). Plaintiff alleges:

> I am a kidney patient ESRD. I was investigating John Hospital. Deplorable I wanted to see the damage at inner. Retracing my brothers steps when I got to my Quiet Place I told the Police, I needed Dialysis! The staff never reported I had my Guitar. They never returned it they found the correct RX number from my wristband to order their supplies.
>
> I saved countless lives. I was born on an airforce base, worked New Cumberland Army Depot Building shipment and receiving. I am Federal for Life . . . like Deputy Dowg . . . I want compensation for Marshall or just sworn in. Duty calls twice collusion suit.

(Doc. 1, pp. 1-2).

Plaintiff applied for leave to proceed *in forma pauperis*, and her application was granted. Then, the undersigned conducted a preliminary review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and concluded that it failed to state a claim upon which relief may be granted. The undersigned issued an order identifying the defects in Plaintiff's complaint, and afforded Plaintiff the opportunity to file an amended complaint on or before December 3, 2024. In the same order, Plaintiff was advised that if she did not file an amended complaint her case may be dismissed. To date, no amended complaint has been received.

### III.    LEGAL STANDARD

This Court has a statutory obligation to conduct a preliminary review of complaints brought by plaintiffs who have been granted leave to proceed *in forma pauperis* and must dismiss a case *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a

claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit.[1]

When conducting this screening analysis, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Under the 12(b)(6) standard, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint."[3] We "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents."[4]

Rule 8 of the Federal Rules of Civil Procedure provides that, "[a] pleading that states a claim must contain," "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] The statement required by Rule 8(a)(2) must give each defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests.[6] Detailed factual allegations are not required,

---

[1] 28 U.S.C. § 1915(e)(2).
[2] *See, e.g., Endrikat v. Ransom*, No. 1:21-CV-1684, 2022 WL 4111861, at *2 (M.D. Pa. Sept. 8, 2022) ("In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.").
[3] *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).
[4] *Id.* at 230.
[5] Fed. R. Civ. P. 8(a)(2).
[6] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action."[7] "In other words, a complaint must do more than allege the plaintiff's entitlement to relief."[8] "A complaint has to 'show' such an entitlement with its facts."[9]

The court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'"[10] The court, however, does not need to "credit a complaint's bald assertions or legal conclusions," or "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged."[11]

A well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "take[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then

---

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[8] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).
[9] *Id.*
[10] *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)).
[11] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) and *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

determine whether they plausibly give rise to an entitlement for relief."[12]

A complaint cannot survive this analysis "unless the facts it recites are enough to state plausible grounds for relief."[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] But "[a] claim that relies just on 'conclusory statements,' or on 'threadbare recitals of the elements of a cause of action' without supporting factual allegations, does not establish plausible grounds for relief."[15]

In addition to this screening obligation, the Court must also ensure it has subject matter jurisdiction over a complaint. This Court cannot make legal decisions or issue judgments unless we have jurisdiction over a party's case. Where a federal district court determines it does not have jurisdiction, a complaint may be dismissed *sua sponte*.[16]

Plaintiff is proceeding without counsel, or "*pro se*." The Court is required to construe *pro se* filings liberally and hold *pro se* pleadings to "less stringent

---

[12] *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (footnote and internal citations omitted).

[13] *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[14] *Iqbal*, 556 U.S. at 678.

[15] *Beasley*, 14 F.4th at 231 (quoting *Fischbein v. Olson Rsch. Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020)).

[16] Fed. R. Civ. P. 12(h)(3).

standards than formal pleadings drafted by lawyers."[17] "Liberal construction of *pro se* pleadings means paying attention to what the litigant has alleged and using common sense."[18] Therefore, we will "apply the relevant legal principle even when the complaint has failed to name it," but cannot supply what plaintiff has not alleged or imagine that unpleaded facts exist.[19] Even with liberal construction, *pro se* litigants "still must allege sufficient facts in their complaints to support a claim."[20] Dismissal under the 12(b)(6) standard is appropriate where a *pro se* litigant's complaint is so "confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."[21]

IV. DISCUSSION

    A. PLAINTIFF DOES NOT ALLEGE A BASIS FOR JURISDICTION

Rule 8(a)(1) requires that a complaint contain a short statement for the grounds for the court's jurisdiction. Where no basis for jurisdiction is apparent from the face of a complaint, the Court may dismiss a complaint *sua sponte*.[22] In her civil cover sheet, Plaintiff suggests that the United States Government is a

---

[17] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[18] *Gindraw v. Sanford*, No. 3:24-CV-65-KAP, 2024 WL 3179781, at *2 (W.D. Pa. June 26, 2024).
[19] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)); *Gindraw*, 2024 WL 3179781, at *2.
[20] *Mala*, 704 F.3d at 245.
[21] *Ruther v. State Kentucky Officers*, 556 F. App'x 91 (3d Cir. 2014) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).
[22] Fed. R. Civ. P. 12(h)(3).

plaintiff in this action. Thus, it appears she alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1345. This statute provides this Court with original jurisdiction over all civil actions, suits, or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.[23]

Plaintiff does not allege that she is an officer of the United States authorized to sue by Act of Congress. Instead, she asserts she was born on an air force base and worked at the Tobyhanna Army Depot. Neither the circumstances of Plaintiff's birth nor the location of her past work authorizes her to commence a lawsuit on behalf of the United States Government under 28 U.S.C. § 1345.

Plaintiff does not allege any other basis for jurisdiction, and none is apparent from the face of her complaint. Plaintiff does not identify a federal claim over which this Court could exercise federal-question jurisdiction under 28 U.S.C. § 1331. Plaintiff suggests that she and Defendant are from different states but does not plead damages that would allow the exercise of diversity jurisdiction under 28 U.S.C. § 1332.

Therefore, Plaintiff does not allege any proper basis for jurisdiction.

It also appears that venue is not proper in this court. Section 1391(b) of Title 28 of the United States Code provides, in relevant part that:

---

[23] 28 U.S.C. § 1345.

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff does not allege that any Defendant resides in Pennsylvania. She does not allege that the events at issue happened within the Middle District of Pennsylvania and does not allege that this Court has personal jurisdiction over Defendants.

Even if this Court had jurisdiction, however, Plaintiff fails to state a claim upon which relief can be granted.

### B. PLAINTIFF DOES NOT PLEAD A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Rule 8 of the Federal Rules of Civil Procedure explains the general rules of pleading. Those rules dictate the information that must be contained in a litigant's complaint to state a claim. It provides that, a complaint that states a claim must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief."[24] In practice, this means that the complaint must put Defendants on notice of the claims asserted against them, and include enough factual matter (when taken as true) to raise the reasonable expectation that discovery will reveal evidence of the necessary elements of each claim. Each allegation "must" be "simple, concise, and direct."[25]

Litigants proceeding without counsel are commonly referred to as "*pro se*" litigants. The Court is required to construe *pro se* filings liberally. Thus, a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers."[26] "Liberal construction of *pro se* pleadings means paying attention to what the litigant has alleged and using common sense, not supplying what plaintiff has not alleged or imagining that unpleaded facts exist."[27] *Pro se* litigants "still must allege sufficient facts in their complaints to support a claim."[28] Thus, a *pro se* litigant's complaint should be dismissed where, it "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."[29]

---

[24] Fed. R. Civ. P. 8(a)(2).
[25] Fed. R. Civ. P. 8(d).
[26] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[27] *Gindraw v. Sanford*, No. 3:24-CV-65-KAP, 2024 WL 3179781, at *2 (W.D. Pa. June 26, 2024).
[28] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).
[29] *Ruther v. State Kentucky Officers*, 556 F. App'x 91 (3d Cir. 2014) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Here, Plaintiff does not identify anything resembling a claim for relief. She may be attempting to assert a claim on behalf of the United States Government.[30] As Defendants, Plaintiff names a hospital (University of Maryland Medical Center), the Maryland Office of Administrative Hearings, and a doctor. She alleges that she is a kidney patient with end stage renal disease and needs dialysis. (Doc. 1, p. 2). The exhibits attached to her complaint suggest that her physician (located in Maryland) had her involuntarily committed in a hospital (also in Maryland). *Id.* She suggests that, while at that hospital, the staff took her guitar and did not return it. *Id.* She also alleges that the hospital staff initially mixed up her medication, but then corrected the error. *Id.* She suggests that her presence there saved "countless lives." *Id.* Plaintiff does not identify what legal claims she, or the United States Government, asserts against what Defendant. The facts alleged similarly provide little insight into what her claims might be. Because we cannot discern the substance of this complaint, it is not a "pleading that states a claim for relief" as described in Rule 8. Therefore, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[30] Moreover, if Plaintiff is not a licensed attorney, she is limited to bringing lawsuits on her own behalf. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel"). She cannot commence a lawsuit on behalf of the United States Government.

### C. LEAVE TO AMEND SHOULD BE DENIED

If a complaint is subject to dismissal for failure to state a claim, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile."[31] Here, Plaintiff was advised that her complaint failed to state a claim upon which relief may be granted and was told that, without amendment, her complaint may be dismissed. She was granted leave to amend but did not submit an amended complaint. Therefore, granting another opportunity to amend would be futile.

## V. RECOMMENDATIONS

Accordingly, it is recommended that:

(1) Plaintiff's complaint be dismissed without leave to amend because this Court lacks jurisdiction, or alternatively because she fails to state a claim upon which relief can be granted.

(2) The Clerk of Court be instructed to close this case.

Date: February 11, 2025                        BY THE COURT

                                               *s/William I. Arbuckle*
                                               William I. Arbuckle
                                               U.S. Magistrate Judge

---

[31] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA KYLE TOGANS, | ) | CIVIL ACTION NO. 1:24-CV-1430 |
| Plaintiff | ) | |
| | ) | (MUNLEY, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| UNIVERSITY OF MARYLAND, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## NOTICE OF LOCAL RULE 72.3

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: February 11, 2025              BY THE COURT

                                     *s/William I. Arbuckle*
                                     William I. Arbuckle
                                     U.S. Magistrate Judge